**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, AFL-CIO; UNITED FEDERATION OF TEACHERS; SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO; SEIU HEALTHCARE MINNESOTA & IOWA; SEIU COMMITTEE OF INTERNS AND RESIDENTS; UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; UFCW LOCAL 135; INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO; AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; UNITED NURSES ASSOCIATIONS OF CALIFORNIA/UNION OF HEALTH CARE PROFESSIONALS; and AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>    PLAINTIFFS,<br><br>v.<br><br>GREGORY GOLDSTEIN, in his official capacity as Acting Director of the Federal Mediation and Conciliation Service; FEDERAL MEDIATION AND CONCILIATION SERVICE; UNITED STATES OF AMERICA; UNITED STATES OFFICE OF MANAGEMENT AND BUDGET; and RUSSELL T. VOUGHT, in his official capacity as the Director of the Office of Management and Budget,<br><br>    DEFENDANTS. | Case No. 1:25-cv-03072-AS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

PLEASE TAKE NOTICE THAT on a date and time to be set by the Court, in Courtroom 15A of the Daniel Patrick Moynihan United States Courthouse located at 500 Pearl Street, New York, NY 10007-1312, Plaintiffs will and hereby do move the Court pursuant to Rule 65(a) of the Federal Rules of Civil Procedure for a preliminary injunction requiring Defendants to restore the status quo *ante* by:

(1) Immediately ceasing all actions designed to implement or otherwise effectuate Executive Order 14238 entitled, "Continuing the Reduction of the Federal Bureaucracy" (Mar. 14, 2025), as it applies to FMCS;

(2) Immediately taking all necessary steps to return FMCS and its employees to their status prior to the March 14, 2025 Executive Order, including but not limited to, rescinding all specific notices of a Reduction-in-Force (RIF) at FMCS, and returning all affected FMCS employees from administrative leave to active duty status;

(3) Immediately taking all necessary steps to resume all active FMCS cases and mediation services that were being provided and scheduled to be provided as of March 25, 2025;

(4) Immediately rescinding any formal or informal guidance, rule, or directive that FMCS will only provide mediation services to bargaining units of 1,000 or more members (or bargaining units of 250 or more members in the health care industry), and taking all necessary steps to provide mediation services to parties without regard to such formal or informal guidance, rule, or directive;

(5) Immediately resume providing all statutorily required services, including:

    a. Mediating disputes that "threaten to cause a substantial interruption of commerce," as required by the Taft-Hartley Labor Management Relations Act of 1947, Pub. L. No. 80-101, 29 U.S.C. § 173(b);

    b. Mediating all disputes in the health care sector upon notice of a dispute from a party, as required by the Health Care Amendments of 1974, Pub. L. No. 93-360, 29 U.S.C. § 158(d)(C);

    c. Providing assistance to "plant, area and industrywide labor management committees," as required by the Labor Management Cooperation Act of 1978, Pub. L. No. 95-524, 29 U.S.C. § 175a(a)(1);

    d. Providing services and assistance to federal agencies and unions representing federal employees "in the resolution of negotiation impasses," as required by the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 5 U.S.C. § 7119(a)–(b);

    e. "[M]aintaining rosters of neutrals and arbitrators" from which parties may select an arbitrator to adjudicate contract-based disputes, as required by 29 U.S.C. § 173(f).

This Motion for a Preliminary Injunction is brought pursuant to Federal Rule of Civil Procedure 65(a). Plaintiffs are likely to succeed on the merits of their claims that Executive Order 14238, as it applies to FMCS, and Defendants' actions to implement the Executive Order violate the Administrative Procedure Act (Counts I and II) and the separation of powers (Count III). Plaintiffs and their members have suffered and will continue to suffer irreparable harm in the absence of preliminary injunctive relief. The balance of the equities and the public interest weigh in favor of the requested preliminary injunction.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Law, and the declarations of Miles Trager, Jamie Gulley, David Dashefsky, Bruce Todd Walters, Paul Shepherd, Brandon Hemming, Dalia Thornton, Joe Guzynski, Amelia Glymph, Maneesh Sharma, and former FMCS Mediators Javier Ramirez and Joseph Kelleher, including the exhibits attached thereto; any reply memorandum or other memorandum Plaintiffs may file; all pleadings and filings in this action; and such other filings and arguments as may be presented to the Court.

Dated: April 16, 2025

/s/ Elisabeth Oppenheimer
Elisabeth Oppenheimer*
*(Lead Trial Counsel)*
Cole Hanzlicek**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth St, N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600
(202) 842-1888 (fax)
eoppenheimer@bredhoff.com
chanzlicek@bredhoff.com

*Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*
**Pro Hac Vice* Application Pending