IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, AFL-CIO; UNITED FEDERATION OF TEACHERS; SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO; SEIU HEALTHCARE MINNESOTA & IOWA; SEIU COMMITTEE OF INTERNS AND RESIDENTS; UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; UFCW LOCAL 135; INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO; IAM DISTRICT 160; AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO; UNITED NURSES ASSOCIATIONS OF CALIFORNIA/UNION OF HEALTH CARE PROFESSIONALS; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; and AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>        PLAINTIFFS,<br><br>v.<br><br>GREGORY GOLDSTEIN, in his official capacity as Acting Director of the Federal Mediation and Conciliation Service; FEDERAL MEDIATION AND CONCILIATION SERVICE; UNITED STATES OF AMERICA; UNITED STATES OFFICE OF MANAGEMENT AND BUDGET; and RUSSELL T. VOUGHT, in his official capacity as the Director of the Office of Management and Budget,<br><br>        DEFENDANTS. | Case No.: 1:25-cv-03072-AS<br><br>**DECLARATION OF MILES TRAGER** |

## DECLARATION OF MILES TRAGER

I, Miles Trager, declare as follows:

1. I am the Private Sector Coordinator of Services and Negotiations at the United Federation of Teachers, Local 2, AFT AFL-CIO (UFT), a position I have held since 2009. In this position, I regularly engage in collective bargaining and support the UFT's private sector bargaining units in negotiations.

2. The UFT is an affiliate of the American Federation of Teachers (AFT) and represents 200,672 members, is the sole bargaining agent for most of the nonsupervisory educators who work in the New York City public schools. UFT represents approximately 75,000 teachers, nearly 25,000 classroom paraprofessionals, and many other school-based titles including school secretaries, school counselors and occupational and physical therapists. The UFT also represent family childcare providers, nurses, and teachers and other employees at a number of private educational institutions and charter schools in New York City, as well as cultural and creative institutions. UFT regularly utilizes mediators from the Federal Mediation and Conciliation Service (FMCS) in negotiations for collective bargaining agreements for its private sector bargaining units.

3. UFT represents a bargaining unit of approximately 75 teachers and staff at Merrick Academy Charter School, a charter school in New York City and a private-sector employer. The union and employer signed a first contract in 2020 and began negotiations on a successor agreement in May 2024. The 2020 contract expired on August 15, 2024 and was extended to November 30, 2024. I have participated in bargaining on behalf of the UFT.

4. Progress on a successor agreement had been slow. UFT presented proposals on wages and benefits, staffing, parent-teacher conferences, holidays and break schedules, and evaluations, among other matters. The employer failed to respond to some proposals and made

little movement on the positions they took on other bargaining issues. Negotiations on teacher evaluations was particularly contentious, and the union believed the employer was not taking the collective bargaining process seriously. To wit, the UFT filed charges against the employer with the National Labor Relations Board alleging violations of the National Labor Relations Act related to the employer's conduct at the bargaining table. In addition to concerns about the employer's positions at the bargaining table, the UFT also filed charges based on the employer's unilateral implementation of pre-service workdays in August 2024, which were also being simultaneously negotiated.

5. Since the parties were getting nowhere, the UFT suggested to the employer that they seek an FMCS mediator for negotiations. The employer agreed, and both parties made a request for an FMCS mediator in September 2024.

6. An FMCS mediator began attending bargaining sessions on October 23, 2024. The union saw progress in negotiation occur almost immediately. For example, the mediator helped get agreement on the employer formally adopting in the collective bargaining agreement the New York City Public Schools holiday and break schedule. The mediator helped explain in a way the employer understood that the employer was largely following the schedule already, and including it in the collective bargaining agreement was nothing to fear.

7. The FMCS mediator was able to get both sides to move on wages and other economic matters, teacher evaluations, teacher preparation periods, recess duty, and parent teacher conferences. The mediator was especially useful in getting the parties to be open to creative compromises on contentious issues. For example, the mediator was instrumental in the fashioning of a side letter about teacher evaluations, a contentious issue and high priority for the members of the union.

8. As noted above, the collective bargaining agreement between UFT and Merrick Academy expired on August 15, 2024.. The collective bargaining agreement included a no strike and no lockout provision that is no longer in effect. Accordingly, the teachers and staff at Merrick Academy could strike at anytime before the parties reach agreement on the CBA or Merrick could lockout the employees. The FMCS mediator worked tirelessly to help negotiate a CBA and avoid this.

9. From September 2024 to March 2025, the partied held nine bargaining sessions, each with the FMCS mediator. The bargaining sessions typically lasted between two and two and one half hours. During that time the parties did not meet without the assistance of the FMCS mediator.

10. I believe the parties were very close to a final agreement after the parties bargaining session on March 18, 2025. The parties had a meeting with the mediator scheduled for March 27, 2025, but on March 26 the mediator emailed the parties to say he would no longer be able to meet tomorrow or in the future because they had been put on administrative leave. The employer thanked the mediator for their service, calling them an "absolute gem" and expressed gratitude for the progress the parties had made because of the mediator's work.

11. I believe the mediator's cancelation imperils the progress the parties have made at the bargaining table and may prevent the parties from reaching a final agreement. I do not think bargaining sessions will be productive without the aid of the FMCS mediator, who has built relationships with both parties over the last six months and gained an intimate knowledge of our specific circumstances and associated disputes. UFT has considered approaching the employer about hiring a private mediator, but that will essentially require the parties to start over from scratch in developing a working relationship that they already had with the FMCS mediator. And based

on my experience in other negotiations, as described more below, I believe private mediators are less effective than FMCS mediators and come at a much higher cost. I seriously doubt that the parties will be able to reach an agreement without the specific FMCS mediator we had before March 26, and bargaining will continue to drag on with a strike or lockout possibility increasing every day UFT members don't have a contract.

12. The parties do not have any future bargaining dates set; a functioning FMCS is essential for the parties to be able to make progress.

13. The UFT also represents a bargaining unit of approximately 75 teachers and staff at the Bronx Global Learning Institute for Girls (BGLIG), a charter school in New York and a private-sector employer. UFT was certified as the exclusive representative by the National Labor Relations Board on December 4, 2018.

14. After months of fruitless negotiations on a first contract, the UFT filed charges with the National Labor Relations Board alleging various violations of the National Labor Relations Act, including bad faith bargaining by BGLIG. The charges were settled on April 19, 2023. As part of the settlement, the employer was required to engage, at the employer's sole expense, the services of a mediator until such time as a complete collective-bargaining agreement or bona fide impasse is reached.

15. For the next year, the private mediator did not help the parties make any progress in negotiations. While the union and employer exchanged various proposals related to wages, teacher certification, paid time off, no strike, no lockout, teacher evaluation, and guidance counsel evaluation, the parties were not making any progress on coming close to an agreement. Recognizing this, employer's counsel reached out to the UFT to see if something else could be

done. The UFT recommended that the parties cease dealing with the private mediator and engage an FMCS mediator.

16. The Employer agreed, and in or around April 2024, the parties secured an FMCS mediator for their negotiations and to fulfill the requirements of the settlement of the NLRB charges. Thereafter, the parties immediately began to see progress. The FMCS mediator is present at every bargaining session and each bargaining session lasts between two and five hours.

17. For example, the parties agreed to a just cause and progressive discipline procedure, a grievance procedure culminating in binding arbitration, a management rights clause, a health and safety provision, and a union rights clause and are very close to agreeing on economics, paid time off, deduction of union dues, and work schedule and assignments. These provisions are essential for the UFT in any contract.

18. On March 26, 2025, the FMCS mediator notified the parties that they could no longer act as mediator because they had been placed on administrative leave. The parties next collective bargaining session is set for April 18, 2025, but the UFT does not want to have the session without the mediator, as the parties made little to no progress without the FMCS mediator. As evidenced by the failure of the private mediator to help the parties, the FMCS mediator was absolutely essential in both sides making progress in negotiations.

19. I believe the mediator's cancelation imperils the progress the parties have made at the bargaining table and may prevent the parties from reaching a final agreement. I do not think bargaining sessions will be productive without the aid of the FMCS mediator. I seriously doubt that the parties will be able to reach an agreement without the specific FMCS mediator we had before, and bargaining will continue to drag on with a strike or lockout possibility increasing every day UFT members don't have a contract.

I declare under penalty of perjury of the United States that the foregoing is true and correct.

Executed on __10__ of April 2025 in New York, New York.

_____