IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, AFL-CIO; UNITED FEDERATION OF TEACHERS; SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO; SEIU HEALTHCARE MINNESOTA & IOWA; SEIU COMMITTEE OF INTERNS AND RESIDENTS; UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; UFCW LOCAL 135; INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO; IAM DISTRICT 160; AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO; UNITED NURSES ASSOCIATIONS OF CALIFORNIA/UNION OF HEALTH CARE PROFESSIONALS; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; and AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>    PLAINTIFFS,<br><br>v.<br><br>GREGORY GOLDSTEIN, in his official capacity as Acting Director of the Federal Mediation and Conciliation Service; FEDERAL MEDIATION AND CONCILIATION SERVICE; UNITED STATES OF AMERICA; UNITED STATES OFFICE OF MANAGEMENT AND BUDGET; and RUSSELL T. VOUGHT, in his official capacity as the Director of the Office of Management and Budget,<br><br>    DEFENDANTS. | Case No.: 1:25-cv-03072-AS<br><br>**DECLARATION OF JOSEPH KELLEHER** |

## Declaration of Joseph Kelleher

1.  My name is Joseph Kelleher. I am over the age of 18 and make this declaration based on my personal knowledge.

2.  I was a mediator at the Federal Mediation and Conciliation Service for 27 years, based in Rhode Island. I retired from FMCS as of January 1, 2025.

3.  As a mediator, my job was to help the parties (typically unions and employers) to resolve labor disputes, assist them with contract bargaining, help avoid strikes and lockouts, and settle grievances.

4.  Mediation in the labor relations context is very different than mediation in the litigation context. In the labor context, a union has been recognized as the representative of a group of employees, and the union and employer necessarily have a long-term relationship. The union and employer *must* find a way to reach agreement on a collective-bargaining agreement governing terms and conditions of employment, hopefully while avoiding destructive and expensive strikes and lockouts. Unlike in litigation, there is no easy way for a union and employer to go before a judge if the parties cannot reach a negotiated agreement, and the parties must preserve their relationship as much as possible since they have no choice but to coexist as long as the union has majority support. This makes mediation vitally important in the labor relations context. An experienced mediator can help parties find a way forward in what are often very passionate and emotional issues.

5.  I would never have showed up at a mediation or negotiation session without advance preparation; no one wants a mediator who doesn't understand the industry, the parties, and doesn't know the history of the parties' dealings. For my case assignments, I would

regularly contact both parties, monitor their progress, identify sticking points, and prepare to enter negotiations if asked. I would also regularly attend bargaining sessions when the parties requested I do so. I need to point out: **mediation is a voluntary process, if we are involved, it's because the parties want and need us to help!** Depending on the complexity and size of the industry, the parties, and the contract, it could take hours, or days, to prepare sufficiently for a bargaining session.

6. Some of my most active times as a mediator were when a contract was about to expire, and a strike or a lockout was looming. In those instances, I would work as long as it took, around the clock if needed, to avert a work stoppage. To take one example, in 1999 an employer in Rhode Island, who had told me the day prior, that he thought things were progressing fine, called me at 5:30 pm on the Friday of Labor Day weekend. In a panic, he said bargaining had broken down and now employees were threatening to strike his company at 7 am the next morning and asked if I could help. I immediately drove out to the worksite, mediated with the parties the next 10-11 hours and helped the partes to reach an agreement before 6 a.m. As recently, in December 2024, I facilitated negotiations between a union and a large hospital in Providence, RI, that I was on a 10-day strike notice. Each of our last three negotiating sessions lasted at least 12 hours; the final session lasted from 9 a.m. to 3 a.m. the following day. I spent that time going back and forth continuously between the parties to find compromises on all of the remaining issues in dispute. Eventually, we were able to reach an agreement on all issues and the 10-day notice to strike was withdrawn!

7. FMCS mediators have spent more time at collective-bargaining tables than virtually anyone else in the world. There is no way to replace FMCS's functions with private mediators; the supply of private mediators is limited, and very few of them are as experienced in

Labor-Management Collective Bagaining issues as FMCS mediators. In addition, private mediators are very expensive; FMCS mediators are free to the parties by statute, which enables FMCS mediators to be present as long as needed to resolve disputes.

8. During my last 10 years at FMCS, my docket would easily consist of approximately 100+ cases that I would be monitoring, with 10 cases that I was actively involved in at any given time! I would end most years with 30-50 collective bargaining cases that I had been active in and helping them reach agreement. That wouldn't even include the many trainings and grievance mediation cases we would also do for the parties.

9. Based on my 27 years of experience at FMCS, there is no conceivable way that five mediators could do all of FMCS's work. This would be true even if FMCS limited its work to only bargaining units of 1000 members or more, or only to health-care units of 250 members or more. It simply takes too much time to negotiate contracts and prepare for bargaining sessions.

10. In the case I mentioned earlier, December 2024 at 3am, after 16+ hours of bargaining to reach a deal, and now waiting for the attorneys to agree on the final written document, I was asked by members of the bargaining committee: "so Joe, is this the worst part of your job having to wait for them to agree on the fine print?" I answered "No, this is the best part of my job! Seeing all of your happy faces that you have a deal and thanking me for the help."

11. FMCS mediators do great work and are absolutely value added to the process. Thank you for taking the time to read this.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Joseph R. Kelleher

Dated: April 14, 2025