# BREDHOFF & KAISER, P.L.L.C.
*Attorneys & Counselors*

Elisabeth M. Oppenheimer
Cole D. Hanzlicek
805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
(202) 842-2600 TEL
(202) 842-1888 FAX

**VIA CM/ECF**

The Honorable Arun Subramanian
Courtroom 15A
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *American Federation of Teachers, et al. v. Goldstein, et al.*,
         Case No. 1:25-cv-03072-AS (S.D.N.Y.)

Dear Judge Subramanian:

Plaintiffs submit this letter providing notice of recent developments in *Widakuswara v. Lake*, No. 25-CV-2390 (JPO), 2025 WL 945869 (S.D.N.Y. Mar. 28, 2025), cited in Plaintiffs' opening and reply briefs in support of their motion for preliminary injunction. *See* ECF No. 10 at 12, 14–16, 27; ECF No. 30 at 7, 9, 11.

After Judge Oetken entered a temporary restraining order in *Widakuswara*, the case was transferred to the U.S. District Court for the District of Columbia, where the district court entered a preliminary injunction on essentially the same grounds that Judge Oetken had relied on. *Widakuswara v. Lake*, No. 1:25-CV-1015, 2025 WL 1166400, at *18 (D.D.C. Apr. 22, 2025).

The government filed a notice of appeal in *Widakuswara* and other cases related to the dismantling of USAGM and sought a stay of the district court's preliminary injunction pending appeal. In an Order attached hereto, a majority panel of the U.S. Court of Appeals for the D.C. Circuit granted the requested stay pending appeal, reasoning that "[t]he government is likely to succeed on the merits because the district court likely lacked subject-matter jurisdiction to enjoin USAGM's personnel actions and to compel the agency to restore . . . FY 2025 grants." Order 2, *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir. May 3, 2025). Judge Pillard dissented, reasoning that the government "ha[d] not persuasively established that the district court lacked authority to enter the preliminary injunction." *Id.* at 1 (Pillard, J., dissenting).

The D.C. Circuit panel's analysis is inapplicable to the case before this Court for two key reasons. *First*, unlike some of the *Widakuswara* plaintiffs, the Plaintiffs here are not themselves FMCS employees, nor do any of the union Plaintiffs here represent any of the FMCS employees. Plaintiffs are not involved—nor could they be—in any action challenging the individual terminations of FMCS employees that even could be channeled to an administrative agency. Plaintiff unions bring this case solely to remedy their own harms. *Second*, and unlike the *Widakuswara* entities that depend on grants for their funding, FMCS is funded by direct congressional appropriations; this case thus in no way implicates the jurisdiction of the Court of Federal Claims under the Tucker Act. Accordingly, the D.C. Circuit panel's Order to grant a stay pending appeal on those two jurisdictional grounds casts no doubt on the underlying merits analysis in *Widakuswara* that Plaintiffs have relied upon in this case.

Dated: May 5, 2025

Respectfully submitted,

*/s/ Elisabeth Oppenheimer*
Elisabeth Oppenheimer*
(*Lead Trial Counsel*)
Cole Hanzlicek*
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth St, N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600
(202) 842-1888 (fax)
eoppenheimer@bredhoff.com
chanzlicek@bredhoff.com

*Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*

2