# BREDHOFF & KAISER, P.L.L.C.
*Attorneys & Counselors*

Elisabeth M. Oppenheimer
Cole D. Hanzlicek
805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
(202) 842-2600 TEL
(202) 842-1888 FAX

**VIA CM/ECF**

The Honorable Arun Subramanian
Courtroom 15A
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

The Court will hear oral argument at 10 a.m. on November 6, 2025 in Courtroom 15A.

SO ORDERED.

*/s/ Arun Subramanian/*

Arun Subramanian, U.S.D.J.
Date: September 25, 2025

Re:   *American Federation of Teachers, et al. v. Goldstein, et al.*,
      **Case No. 1:25-cv-03072-AS (S.D.N.Y.)**

Dear Judge Subramanian:

Plaintiffs write respectfully on behalf of all parties in response to the Court's Order directing the parties to provide proposed dates for oral argument in November 2025, and to address any factual developments concerning the case (Dkt. No. 98).

With respect to availability, all parties are available on the following dates/times for oral argument:

- the morning of November 6, 2025;
- the afternoon of November 7, 2025;
- the morning of November 12, 2025;
- the afternoon of November 14, 2025;
- any time on November 19, 2025;
- the morning of November 20, 2025;
- the afternoon of November 21, 2025; and
- the afternoon of November 25, 2025.

With respect to factual developments, the parties each have their own respective updates to provide the Court.

<u>Plaintiffs' Updates</u>

Plaintiffs respectfully submit the contemporaneously filed declarations containing updated factual developments. In summary:

- Plaintiff UFT described two contract negotiations in the Trager declarations (Dkt. Nos. 11, 38). One has resolved, and one is still open. UFT is also negotiating several new contracts. (Trager Second Suppl. Decl.).

- Plaintiff UNAC is still negotiating the Kaiser contract described in the Guzynski declarations (Dkt. Nos. 18, 69), with the assistance of FMCS mediators re-hired as a

- result of the preliminary injunction in *Rhode Island v. Trump*, Case No. 25-cv-00128-JJM-AEM (D.R.I.). (Guzynski Second Suppl. Decl.).

- Plaintiff AFSCME Council 31 is still negotiating the contract at Thrive nursing home described in the Thornton declaration (Dkt. No. 17, ¶ 12), and is beginning a new set of negotiations where a mediator is likely to be needed. (Woodson Decl.).

- Plaintiff UFCW Local 135 has settled the grocery store contracts described in the first Walters declarations (Dkt. Nos. 14, 32) with the assistance of re-hired FMCS mediators, but will negotiate new contracts for grocery store pharmacists next year. (Walters Second Suppl. Decl.).

- Plaintiff UFCW Local 2013 is still in deadlocked negotiations for the new contract at Grand Manor nursing home in the Bronx, as described in the Pitman declarations (Dkt. Nos. 35, 70). Negotiations for the contract for Home Health Aides that was set to expire over the summer, as also described in the Pitman declarations, are underway, and a mediator is likely to be needed. UFCW Local 2013 also anticipates needing a mediator for two more sets of negotiations this year. (Pitman Second Suppl. Decl.)

- At IAM, some employers have refused to advance grievances, citing the lack of contractually-required FMCS mediators. In other cases, the union has been required to find a workaround. (Dahn Suppl. Decl.). IAM's negotiations with MultiCare, as described in the Hemming Decl. (Dkt. No. 16), have ceased because MultiCare withdrew recognition of the union, triggering unfair labor practice charges. (Hemming Suppl. Decl.)

- Plaintiff SEIU Healthcare Minnesota and Iowa has settled most of the contracts described in the Gulley declaration (Dkt. No. 12)—in one case, after a strike, as that declaration predicted, *see* Dkt. No. 12 ¶ 11—but the contract at Bayshore Nursing Facility is still being negotiated. (Gulley Suppl. Decl.)

- Plaintiff Ohio Education Association continues to negotiate numerous contracts. (Wensing Decl.)

- Counsel has been told that CIR SEIU has settled the contract at Massachusetts General Brigham, described in the Dashefsky declaration (Dkt. No. 13).

- Counsel has been told that AFGE is being assigned FMCS mediators for impasse panels as a result of the injunction in *Rhode Island v. Trump*.

In short, some of the original contract negotiations have finished (some with the assistance of mediators re-hired pursuant to the preliminary injunction in *Rhode Island v. Trump*), while others have not.

The resolution of any given contract, however, does not moot any aspect of the case for two reasons. First, the union plaintiffs here exist primarily to bargain good contracts for the workers they represent. As the above-summarized declarations make very clear, Plaintiffs are continuing to negotiate new contracts where mediation assistance will be needed. Although Plaintiffs could constantly substitute new parties and amend the complaint as contract negotiations continue, that is unnecessary, because the declarations make clear that the absence of FMCS mediators would impair these Plaintiffs' organizational mission in an ongoing way. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982); *New York v. U.S. Dep't of Homeland Security*, 969 F.3d 42, 61 (2d Cir. 2020). Second, to the extent the negotiations are resolved before a decision is issued, that will simply demonstrate that contract negotiations are a classic example of the type of dispute that is capable of repetition but evades review. *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647–48 (2d Cir. 1998). As the contemporaneously filed declarations show, contract negotiations typically take less than eight months. Gulley Suppl. Decl. ¶ 7; Walters Second Suppl. Decl. ¶ 6; Woodson Decl. ¶ 6; Second Suppl. Pitman Decl. ¶ 9. A union has every incentive to reach contracts quickly to secure the contractual benefits for members, and a union's duty to fairly represent its members precludes it from delaying for litigation purposes.

### The Government's Updates

The Government notes that the parties in *State of Rhode Island et al. v. Trump et al.*, C.A. No. 1:25-cv-128-JJM-LDA (D.R.I.) are in the process of briefing their respective motions for summary judgment. The motions are currently scheduled to be fully briefed by November 10, 2025.

\* \* \*

The parties thank the Court for its consideration of this letter.

Dated: September 24, 2025                Respectfully submitted,

*/s/ Elisabeth Oppenheimer*
Elisabeth Oppenheimer\*
(*Lead Trial Counsel*)
Cole Hanzlicek\*
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth St, N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600
eoppenheimer@bredhoff.com
chanzlicek@bredhoff.com

*Counsel for Plaintiffs*
\*Admitted *Pro Hac Vice*

3

cc: Lawrence H. Fogelman
Rebecca L. Salk
Assistant United States Attorneys
Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007
*Counsel for Defendants*
(VIA ECF)